UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DONALS ERIC ESTES, | ) | |
| *Plaintiff*, | ) | Case No. 2:23-cv-159 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| CRPL. HACKER, CRPL. RIDENOUR, CRPL. HILL, and OFFICER SMITH | ) | Magistrate Judge Cynthia R. Wyrick |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a Tennessee Department of Correction ("TDOC") prisoner, has filed a pro se complaint for violation of 42 U.S.C. § 1983 setting forth a number of incidents during his confinement (Doc. 2). For the reasons set forth below, Plaintiff will have **fifteen (15) days** from the date of entry of this order to file an amended complaint in the manner set forth below.

**I. SCREENING STANDARD**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, dismiss claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial PLRA review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. But courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## II.     ANALYSIS

Plaintiff filed a form complaint in which he sets forth a fairly straightforward excessive force claim for an incident on April 5, 2023, against Defendants Hacker, Ridenour, Hill, and Smith (Doc. 1, at 1–11). With his form complaint, Plaintiff filed twelve pages of single-spaced allegations handwritten in cursive (*id.* at 12–23). In these pages, Plaintiff first repeats his allegations regarding the April 5, 2023, excessive force claim in the form complaint (*id.* at 12–13). But Plaintiff then sets forth a number of other allegations regarding other incidents during his confinement and his background (*id.* at 13–23). Plaintiff's handwritten allegations regarding his background and other incidents during his confinement in these pages are dense and confusing, and it is not always clear whether Plaintiff seeks to hold any Defendant (or any other individual) liable under § 1983 for a factual allegation set forth in these pages, or whether he is providing the factual allegation as background. Moreover, the dense and confusing nature of these pages fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a) (providing pleading must contain "short and plain statement of the claim showing that the pleader is entitled to relief").

2

Additionally, to the extent that Plaintiff seeks relief from individuals other than Defendants Hacker, Ridenour, Hill, and Smith for incidents unrelated to the April 5, 2023, excessive force incident in these handwritten pages, such claims are not properly joined in this action under Rule 20(a)(2). Specifically, while a plaintiff may join as many claims as he has against an opposing party under Rule 18(a) of the Federal Rules of Civil Procedure, Rule 20(a)(2) allows a plaintiff to sue multiple defendants only where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, Rule 20 does not permit plaintiffs to join unrelated claims against different defendants in one lawsuit. *See*, *e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner"); *Smith v. Lavender*, No. 2:22-CV-1875, 2022 WL 4121929, at \*6 (S.D. Ohio, Sept. 9, 2022) (severing unrelated claims a prisoner plaintiff filed in the same complaint against different defendants) (citations omitted); *White v. Newcomb*, 2022 WL 2763305, at \*4–5 (W.D. Mich. July 15, 2022) (providing that a plaintiff cannot join claims against multiple defendants in one lawsuit "'unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact'" (quoting *Proctor v Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) and collecting cases standing for the proposition that prisoners cannot join unrelated claims against different defendants in a single lawsuit).

3

Accordingly, the Court will allow Plaintiff **fifteen (15) days** from the date of entry of this order to file an amended complaint with a short and plain description of the claims for which he seeks § 1983 relief. Specifically, in this amended complaint, Plaintiff **SHALL** set forth his claims for relief in numbered paragraphs that include (1) the constitutional amendment Plaintiff alleges the claim falls under, (2) a **short** and **plain** statement of the facts supporting the claim, and (3) the individual(s) he seeks to hold responsible for that claim, all in the same numbered paragraph.[1] *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Plaintiff is **NOTIFIED** that if he includes claims that are not properly joined under Rule 20(a)(2) and Rule 18(a) in the amended complaint he files, the Court will presume that Plaintiff intends to proceed as to his first listed claim and those claims that are properly joined with that first claim, and the Court will summarily **DISMISS** any misjoined claims without prejudice.

## III.    CONCLUSION

For the reasons set forth above:

1. The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint;

2. Plaintiff has fifteen (15) days from the date of entry of this order to file an amended complaint in the manner set forth above;

3. Plaintiff is **NOTIFIED** that any amended complaint he files will completely replace his previous complaint [Doc. 2];

4. Plaintiff is **NOTIFIED** that if he includes claims that are not properly joined under Rule 20(a)(2) and Rule 18(a) in the amended complaint he files, the Court will presume that Plaintiff intends to proceed as to his first listed claim and those claims that are properly joined with that first claim, and the Court will summarily **DISMISS** any misjoined claims without prejudice;

---

[1] Plaintiff is **NOTIFIED** that the Court may only address the merits of claims that relate back to his original complaint under Rule 15 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff **SHALL NOT** attempt to set forth any claims in this amended complaint which were not set forth in his original complaint or do not otherwise relate back under Rule 15, as any such claims may be **DISMISSED**.

5. Plaintiff is **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and failure to follow the orders of this Court without further notice; and

6. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing.  Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  E.D. Tenn. L.R. 83.13.  Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

> */s/ Travis R. McDonough*
> **TRAVIS R. MCDONOUGH**
> **UNITED STATES DISTRICT JUDGE**