UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DONALS ERIC ESTES, | ) | |
| | ) | Case No. 2:23-cv-159 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Cynthia R. Wyrick |
| CRPL. HACKER, CRPL. RIDENOUR, | ) | |
| CRPL. HILL, and OFFICER SMITH, | ) | |
| | ) | |
| *Defendants*. | | |

**MEMORANDUM OPINION**

This is a prisoner's pro se action for violation of 42 U.S.C. § 1983. On November 20, 2024, the Court entered an order granting Plaintiff leave to proceed *in forma pauperis* herein, providing Plaintiff fifteen days to file an amended complaint, and notifying Plaintiff that failure to comply with that order would result in dismissal of this action without further notice (Doc. 8). Plaintiff has not returned an amended complaint to the Court, and his time for doing so has passed. Accordingly, for the reasons set forth more fully below, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to prosecute this case is due to his willfulness or fault. Specifically, it appears that Plaintiff received the Court's previous order but failed to comply. As to the second factor, Plaintiff's failure to comply with the Court's order has not prejudiced Defendants. As to the third factor, as the Court noted above, the Court warned Plaintiff that failure to timely comply with the Court's previous order would result in this action being dismissed (*Id.* at 5). Finally, as to the fourth factor, the Court finds that alternative sanctions are not appropriate, as Plaintiff is proceeding *in forma pauperis* herein and failed to comply with the Court's clear instructions, and it does not appear that he seeks to prosecute this action. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from filing an amended complaint, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED**. The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**